HICKENBOTTOM *v.* MASTERSON

5-3799                                          399 S. W. 2d 662

Opinion delivered March 7, 1966

*J. Loyd Shouse,* for appellant.

*Moore & Brockman, Walker, Villines & Spears,* for appellee.

GEORGE ROSE SMITH, Justice. This is a suit by the appellant to quiet his title to two tracts of land that were assertedly owned by his father, Kenneth Hickenbottom, at his death in 1961. The decision with respect to each tract turns upon a question of fact. The plaintiff contends that Kenneth received both tracts as gifts from his father, M. Hickenbottom. The chancellor rejected the plaintiff's claim to the first tract on the ground that the deed to Kenneth was never delivered. The chancellor divided the second tract equally between the plaintiff and the defendant Dale Hickenbottom (Kenneth's brother), finding that Kenneth held title upon a valid oral trust for himself and Dale.

As to the first tract, the decree is not against the weight of the evidence. Kenneth's widow testified that in 1954 or 1955 Kenneth's mother brought over the deed to that tract and delivered it to Kenneth. This testimony is contradicted by Kenneth's mother, who says that the deed was not delivered and that after Kenneth's death her husband gave the land to his daughter, the appellee Madoline Masterson. That Kenneth's deed was not recorded until some months after his death is some indication that his mother's account is correct. Upon an issue of credibility involving two interested persons we are inclined to be guided by the chancellor's decision. *Cowan* v. *Powell,* 219 Ark. 498, 243 S. W. 2d 373 (1951). As to the first tract the decree is affirmed.

Kenneth was the sole grantee in the deed to the second tract, but the trial court found that he and his father orally agreed that Kenneth would hold the land for himself and his brother Dale. It is true that, in a situation involving a confidential relation, equity will enforce the grantee's oral promise to hold the title for another. *Walker* v. *Biddle,* 225 Ark. 654, 284 S. W. 2d 840 (1955). There we pointed out, however, that the proof of the trust must be by clear and convincing evidence—the usual safeguard when the terms of a solemn written instrument are to be overturned by parol proof.

Here the testimony gives rise to serious doubts about the existence of the supposed oral arrangement. If Dale was to have a beneficial interest in the land there was no good reason for his not being named as a grantee. Dale received other land from his father; so there is no apparent inequity in a gift of this parcel to Kenneth. The plaintiff testified that Dale obtained Kenneth's permission to cut firewood from the land. It is indicated that Kenneth paid all the taxes on the tract for several years before his death.

Dale offered a number of witnesses to support his side of the dispute, but much of their testimony related to an alleged oral agreement between Kenneth and Dale

—an agreement that seems to have been separate from Kenneth's supposed promise to his father that he would hold the title for Dale and himself. When we consider the record as a whole we do not have that abiding feeling of certainty that comes from clear and convincing proof. As to the second tract the decree is reversed and the cause remanded for the entry of a decree quieting title in the appellant.